UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

SAMUEL SMITH,                )
                             )
        Plaintiff,            )
                             )
   v.                         )   Case No. 06 C 6814
                             )
MICHAEL J. ASTRUE,           )   Magistrate Judge
Commissioner of Social       )   Arlander Keys
Security,                    )
                             )
        Defendant.            )

## MEMORANDUM OPINION AND ORDER

On April 30, 2008, the Court issued a Memorandum Opinion and Order remanding Samuel Smith's case to the Commissioner of Social Security. Shortly thereafter, Mr. Smith's attorney petitioned the Court for an award of attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.

The EAJA "authorizes the payment of fees to a prevailing party in an action against the United States; the Government may defeat this entitlement by showing that its position in the underlying litigation 'was substantially justified.'" *Scarborough v. Principi*, 541 U.S. 401, 405 (2004)(citing 28 U.S.C. § 2412(d)(1)(A)). Having won summary judgment in his favor and secured a remand, Mr. Smith is the prevailing party; indeed, the Commissioner concedes as much, but argues that an award of fees is inappropriate because his position was

substantially justified. The Commissioner has the burden of establishing that his position was "substantially justified" - that it had "a reasonable basis in law and fact." *Conrad v. Barnhart*, 434 F.3d 987, 990 (7th Cir. 2006). And, here, he has failed to meet that burden.

Initially, the Court notes that a loss on the merits does not foreclose a finding of substantial justification; a decision may be substantially justified even if it was not necessarily supported by substantial evidence. *See, e.g., Scarborough*, 541 U.S. at 415 (the fact that the Government lost on the merits does not mean that its position was not substantially justified). But in this case, neither was true. As explained in the Court's April 30, 2008 opinion, by failing to provide the specific Listing considered when analyzing Mr. Smith's alleged impairments, the ALJ did not comply with Social Security Regulations. Further, while the ALJ found that Mr. Smith's impairments did not meet or equal a Listing, he failed to provide any analysis to support his decision. Also absent from the ALJ's opinion was a discussion of what opinion evidence he relied on in making his RFC determination. The Commissioner's position seeking to affirm the ALJ's findings, despite these deficiencies, was not substantially justified. Accordingly, the Court finds that an award of fees under the EAJA is appropriate.

Having determined that an award of fees is appropriate, the

Court must next determine what amount should be awarded. In his initial application, Mr. Smith's counsel seeks to recover fees totaling $5,841.63. The fee request includes: 35.9 hours of attorney time billed at the rates of $157.50/hour for 2006, $162.50/hour for 2007, and $168.75/hour for 2008. In his reply brief, counsel seeks another 2.4 hours of attorney time, billed at the rate of $168.75/hour (for a total of $405.00). Counsel also seeks to recover $25.65 in costs, which represents the fee to deliver via UPS, the Complaint to the Clerk's office and three certified mail services. Thus, in total, Mr. Smith's counsel seeks fees and costs in the amount of $6,272.28.

The Commissioner does not challenge the hourly rates proposed by counsel, and the Court finds that they are reasonable. The Court finds, however, that some of the time billed should be disallowed.

First, some of the entries appear to reflect time spent by counsel on tasks that were purely clerical in nature, and that is inappropriate. See Spegon v. Catholic Bishop of Chicago, 175 F.3d 544, 553 (7th Cir. 1999)(affirming decision to disallow time spent by an attorney and paralegal on essentially clerical or secretarial tasks); Seamon v. Barnhart, No. 05 C 0013-C, 2006 WL 517631, at *7 (W.D. Wis. Feb. 23, 2006)(reducing a fee award for time spent by attorneys on clerical tasks such as filing briefs, sending out proof of service, etc.). Additionally, the time

spent on certain tasks was excessive, requiring additional reductions. *See Hensley v. Eckerhart*, 461 U.S. 424 (1983)(fees for "excessive, redundant or otherwise unnecessary" hours should be disallowed). For example, according to the billing records, counsel spent 1.5 hours reviewing the unfavorable decision. But that decision was only six pages. Additionally, counsel asserts that he spent 1.5 hours preparing a two-page Complaint. Similarly, counsel spent 9.5 hours reviewing the record, which, at only 170 pages (including the unfavorable decision), is on the short side for these types of cases. The Court will not allow counsel to recover fees for all of this time. Nor will the Court allow counsel, having focused his practice on Social Security disability law for more than 10 years, to recover fees for the 10.5 hours he spent drafting his client's brief. Further, counsel will not be allowed to recover fees for the 4.5 hours he spent reading the Court's decision.

Taking the above into account, the Court will allow counsel to recover fees for 2.8 hours of attorney time billed in 2006 (at the rate of $157.50/hour); 22 hours of attorney time billed in 2007 (at the rate of $162.50/hour); and 5 hours of attorney time billed in 2008 (at the rate of $168.75/hour), for a total fee award of $4,859.75. The Court will not allow counsel to recover the UPS costs; that expense would seem to be a matter of convenience, not necessity. However, counsel will be allowed the

$8.37 that he seeks for certified mail services.

## Conclusion

For the reasons set forth above, the Court grants the application for attorney's fees filed by counsel for Mr. Smith and awards fees as requested, except to the extent explained above. Consistent with the EAJA, and in accordance with the assignment executed by Mr. Smith, the Court awards fees, payable to the Law Offices of Ashley S. Rose, in the amount of $4,868.12.

Dated: September 30, 2008

ENTERED:

_____
MAGISTRATE JUDGE ARLANDER KEYS
UNITED STATES DISTRICT COURT